# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| MADISON McDEARIS, *et al.,*  *Plaintiffs,*  v.  LAST RESORT GRILL, INC., *et al.,*  *Defendants.* | CASE NO. 3:20-cv-93 (CDL) |
| RACHEL MILLS, *et al.,*  *Plaintiffs,*  v.  LAST RESORT GRILL, INC., *et al.,*  *Defendants.* | CASE NO. 3:20-cv-115 (CDL) |
| ALMA KAEMPF, *et al.,*  *Plaintiffs,*  v.  LAST RESORT GRILL, INC., *et al.,*  *Defendants.* | CASE NO. 3:20-cv-139 (CDL) |

### LRG DEFENDANTS' MOTION AND MEMORANDUM FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

Pursuant to Paragraph 9 of the September 1, 2021 Agreement (Dkt. 77-4/68-4),[1] 28 U.S.C. § 1927, Rules 54.1 and 54.2 of the Local Rules of the United States District Court for the Middle

---

[1] For the sake of efficiency, Defendants adopt the convention used in the February 10, 2022 Report and Recommendation ("R&R"), in which citations to the record refer first to documents in Case

1

District of Georgia, and consistent with the Court's March 22, 2022 Order (Dkt. 121/89) adopting the Magistrate Judge's February 10, 2022 Report and Recommendation (Dkt. 114/82), Defendants Last Resort Grill, Inc. ("LRG"), Melissa Clegg ("Clegg), and Jamshad Zarnegar ("Zarnegar"), (collectively, the "LRG Defendants") submit this Motion to recover Forty Thousand Three Hundred Twenty-Six Dollars and Fifty Cents ($40,326.50) in reasonable attorneys' fees, costs, and expenses they incurred in having to pursue and litigate the motions to enforce their settlement agreement. In support of their Motion, LRG Defendants state as follows:

## RELEVANT BACKGROUND

1. Plaintiffs originally filed three separate lawsuits: (a) Case No. 3:20-cv-00093-CDL (the "FLSA Lawsuit"), which Plaintiffs' counsel filed on August 24, 2020; (b) Case No. 3:20-cv-00115-CDL (the "Title VII Lawsuit"), which Plaintiffs' counsel filed on October 15, 2020; and (c) Case No. 3:20-cv-00139-CDL (the "FMLA Lawsuit"), which Plaintiffs' counsel filed on December 16, 2020. Plaintiffs are represented in each of these lawsuits by two separate law firms: Steckel Law, LLC, and Wimberly, Lawson, Steckel, Schneider & Stine P.C.

2. LRG Defendants have been represented at all relevant times by Littler Mendelson, P.C. ("Littler"). As explained in the Declaration of Kathryn S. McConnell ("McConnell Declaration"), a copy of which is attached as **Exhibit 1**, these lawsuits were set up in Littler's timekeeping system as three separate billing matters. McConnell Decl. at ¶ 4.

3. On May 10, 2021, the Court consolidated the FLSA Lawsuit and the FMLA Lawsuit. *See* Dkt. 34 in Case No. 3:20-cv-00093-CDL. The Title VII Lawsuit remained a separate lawsuit. *See id.* at 4.

---

No. 3:20-cv-00093-CDL (as consolidated with Case No. 3:20-cv-00139-CDL) and second to documents in Case No. 3:20-cv-00115-CDL, unless explicitly stated otherwise. *See* R&R (Dkt. 114/79) at 2 n.1.

4. On September 1, 2021, at the conclusion of approximately ten hours of mediation, LRG Defendants — along with Plaintiffs Madison McDearis, Rachel Mills, Keela Singleton, Rachel Bailey, Allison Barrow, Alexander Bragan, Alma Kaempf, Allyssa Peace, Catherine Wulff, and Brianna Head (collectively, "Plaintiffs") and Defendant Stanley Walker — reached a signed, written agreement for a global resolution of the three above-captioned matters (the "September 1, 2021 Agreement"). *See* R&R at 1-2. LRG Defendants and Walker are collectively referred to as the "Defendants," and Defendants and Plaintiffs are collectively referred to as the "Parties."

5. The September 1, 2021 Agreement "called for the execution of two separate settlement documents, one for the FLSA claims that was to be public and one for the Title VII and tort [and FMLA] claims that was to be confidential." R&R at 13. Put otherwise, the formal agreement resolving the FLSA claims (referred to as the "FLSA Settlement Agreement") would be a public-facing document subject to the approval of the District Court under the rubric of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); the second agreement resolving all other claims (referred to as the "General Settlement Agreement") would be confidential and did not require judicial approval. *See* Dkt. 75/66 at 2.

6. Plaintiffs and their counsel, however, sought to renegotiate the terms of the Parties' agreement. The conduct of Plaintiffs and their counsel forced Defendants to move to enforce the settlement.

7. The nature of Plaintiffs' claims in the two respective lawsuits and the procedural posture of the above-captioned matters meant that Defendants needed to file two distinct Motions to Enforce, rather than one, for several reasons:

    a. Most notably, Plaintiffs argued that the very agreement that they reached while represented by experienced FLSA counsel was not a reasonable compromise of a *bona fide* dispute between the Parties, within the meaning of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir.

3


1982). Therefore, Defendants needed to articulate and analyze, in detail, why the Parties' settlement of the FLSA Lawsuit satisfied *Lynn's Food* scrutiny. *See* Dkt. 52-1 in Case No. 3:20-cv-00093-CDL at 13-18. By contrast, the resolution of Plaintiffs' claims in the Title VII Lawsuit, the FMLA Lawsuit, and all other claims Plaintiffs brought or could have brought (and which were subject to a general release) is not subject to *Lynn's Food* review. *See generally* Dkt. 47-1 in Case No. 3:20-cv-00115-CDL.

b. While there was no dispute that all ten (10) Plaintiffs agreed to the resolution of the FLSA claims in Case No. 3:20-cv-00093-CDL, Plaintiffs asserted that only seven (7) of the Plaintiffs were subject to the general release intended to resolve the Title VII Lawsuit and the FMLA Lawsuit.

c. In addition, the Title VII Lawsuit involved claims against Stanley Walker and included Walker as a named Defendant; the FLSA Lawsuit (as consolidated with the FMLA Lawsuit) did not.

d. Moreover, while the relevant procedural background for the two cases was similar, it was not identical, and the pertinent docket entries (and, thus, the citations in the motions to enforce) differed between the two cases.

8. As part of filing the Motions to Enforce, Defendants were also necessarily required to present the Court with the September 1, 2021 Agreement and various drafts of that Agreement. To honor the terms of the Parties' Agreement, however, and to protect their bargained-for confidentiality to the fullest extent permitted by law, Defendants moved to file portions of the September 1, 2021 Agreement under seal, briefing their arguments that all portions of that Agreement other than those directly related to the resolution of Plaintiffs' FLSA claims be redacted from the public docket. *See* Dkt. 53/48.

9. Plaintiffs' counsel took the position that Defendants effectively needed to file the Motions to Enforce by no later than October 11, 2021, or else risk being deemed to have waived or acquiesced to Plaintiffs' argument that the September 1, 2021 Agreement was not enforceable. *See* Dkt. 49/45 at 5. Accordingly, Defendants worked on an expedited basis to successfully file the following pleadings on October 6, 2021:

- Defendants' Motion to Enforce and Motion for Approval of FLSA Settlement Agreement, Motion for Sanctions, and Request for Hearing, supported by a twenty (20)-page memorandum of law, five (5) exhibits, and a proposed Order, in Case No. 3:20-cv-00093-CDL [Dkt. 52];

- Defendants' Joint Motion to Enforce Settlement Agreement, Motion for Stay Pending Ruling on Motion to Enforce, and Motion for Sanctions, and Request for Hearing, supported by a sixteen (16)-page memorandum of law, five (5) exhibits, and a proposed Order, in Case No. 3:20-cv-00115-CDL [Dkt. 47]; and

- Defendants' (Joint) Motion to Seal Confidential Portions of Settlement Agreement, supported by a five (5)-page memorandum of law, two (2) exhibits, and a proposed Order, in both cases [Dkt. 53/48].

10. Despite Plaintiffs' stated urgency for the need to resolve the enforceability of the September 1, 2021 Agreement, Plaintiffs waited over a month to file their opposition briefs to the Motions to Enforce. *See* Dkt. 61/56.

11. Plaintiffs' counsel submitted 223 pages of opposition motions papers and exhibits in each Lawsuit. *See id.*; *see also* Dkt. 95/71 at 1. Plaintiffs' response brief offered at least seven (7) discrete arguments:

    a.    First, Plaintiffs contended that the Parties merely reached an "agreement to agree" that was unenforceable. *See* Dkt. 61/56 at 6-7.

    b.    Second, Plaintiffs asserted that the Parties did not reach a meeting of the minds on September 1, 2021. *Id.* at 7-9.

    c.    Third, Plaintiffs argued that the September 1, 2021 Agreement did not satisfy the *Lynn's Food* criteria, offering nine (9) sub-arguments in that section of their brief alone. *See* Dkt. 61 in Case No. 3:20-cv-00093-CDL at 10-16. In particular, Plaintiffs criticized the September 1, 2021 Agreement for:

        i.    "not contain[ing] the necessary data for the Court to determine if the back pay awards are related to the Plaintiffs' claims";

        ii.    "not describ[ing] the Plaintiffs' claims or LRG's defenses in any manner";

        iii.    "not describ[ing] how attorneys' fees were determined";

5

        iv.  "contain[ing] a pervasive release";

        v.  "contain[ing] a covenant not to sue";

        vi.  "contain[ing] a non-publicity provision";

        vii.  "contain[ing] a non-disparagement clause";

        viii.  "contain[ing] a confidentiality clause"; and

        ix.  "contain[ing] a clause requiring no future employment".

d. Fourth, Plaintiffs argued that the September 1, 2021 Agreement was not intended to be the final agreement between the Parties. Dkt. 61/56 at 16-17.

e. Fifth, Plaintiffs asserted that they did not knowingly waive their Title VII claims. *Id.* at 17-19.

f. Sixth, Plaintiffs argued that Plaintiff Keela Singleton's public Facebook post about the discussions at the September 1, 2021 mediation were not a sanctionable breach of the confidentiality clause in the September 1, 2021 Agreement. *Id.* at 19-20.

g. Seventh, Plaintiffs' counsel baselessly accused Defendants' counsel of malfeasance during the mediation negotiations. Specifically, Plaintiffs' counsel argued in their filings that Defendants' counsel had told them on September 1, 2021 that certain changes had been made to the drafted term sheet when they had not been, and also that Defendants sought to alter material terms of the agreement to settle following the execution of the September 1, 2021 Agreement. *See id.* at 2-3, 5-6.

12. To ensure that the Court had the benefit of full briefing with citations to the record and relevant legal authority from both sides when ruling on the dispositive Motions to Enforce, Defendants addressed and rebutted directly each of the discrete arguments that Plaintiffs made. Because of the lengthy arguments raised by Plaintiffs in their opposition motion, Defendants also sought and obtained the Court's leave to exceed the presumptive 10-page limit for their reply briefs. *See* Dkt. 87/69 (Motions to Exceed Page Limits in Reply in Support of Motions to Enforce); Dkt. 95/71 (reply briefs).

13. Defendants also carefully analyzed and responded directly to Plaintiffs' separately filed Statement of Material Facts ("SOMF"), a six-page document consisting of twelve separate paragraphs (each of which included multiple distinct factual assertions), while contemporaneously moving to seal Defendants' Response to Plaintiffs' SOMF given that the SOMF contained portions of the Parties' confidential settlement negotiations. *See* Dkt. 77/68 (Plaintiffs' SOMF and Exhibits 1-6 thereto); Dkt. 98/73 (Defendants' Response to Plaintiffs' SOMF and Exhibits 1-2 thereto); *see also* Dkt. 96/72 (Defendants' Motion to Seal their Response to Plaintiffs' SOMF).

14. On February 10, 2022, Magistrate Judge Weigle recommended, in relevant part, that "Defendants [be] entitled to recover their costs, expenses, and attorneys' fees incurred in litigating the [] motion[s] for enforcement of the settlement[,]" pursuant both to Paragraph 9 of the September 1, 2021 Agreement and 28 U.S.C. § 1927. R&R at 19; *see id.* at 21 ("It is further **RECOMMENDED** the Court order the Plaintiffs to pay Defendants' reasonable expense, costs, and attorneys' fees for the litigation of the present Motion[s] to Enforce Settlement[.]").

15. As Judge Weigle stated, the several different arguments Plaintiffs offered in opposing the Motions to Enforce were a meritless attempt "to undermine their own settlement agreement." R&R at 19. Specifically, Plaintiffs "alternately contended that there was no agreement, that the agreement does not say what it says, and that the Defendants tricked them into signing a document that did not reflect their agreement[,]" and "accused Defense counsel, in writing, of lying, an accusation that is not supported by any evidence and is in fact false." *Id.*

16. As a result of the dilatory conduct by Plaintiffs' counsel, the Court itself was required to expend "well more than 30 hours of additional court resources . . . in [its] review of Defendants' motion[s] to enforce the settlement agreement." *Id.*

17. On March 22, 2022, Judge Land adopted the Report and Recommendation. Dkt. 121/86. The Court ordered Defendants to "submit to the Magistrate Judge within 7 days of the parties['] submission of the joint motion for court approval of the FLSA portion of the settlement a statement itemizing the amounts they seek for reasonable expenses, costs and attorneys['] fees for having to pursue and litigate the motion[s] to enforce settlement[.]" *Id.* at 2-3.

18. LRG Defendants' submission is timely submitted to Magistrate Judge Weigle within seven (7) days of the Parties' Joint Motion for Approval of the FLSA Settlement. *See* Dkt. 121/86; *see also* Dkt. 122 in Case No. 3:20-cv-00093-CDL (Joint Motion for Approval filed on Apr. 12, 2022).[2]

19. In summary, in moving to enforce the settlement between the Parties, LRG Defendants prepared and submitted the following filings:

- Defendants' Motion to Enforce and Motion for Approval of FLSA Settlement Agreement, Motion for Sanctions, and Request for Hearing, supported by a twenty (20)-page memorandum of law, five (5) exhibits, and a proposed Order, in Case No. 3:20-cv-00093-CDL [Dkt. 52];

- Defendants' Joint Motion to Enforce Settlement Agreement, Motion for Stay Pending Ruling on Motion to Enforce, and Motion for Sanctions, and Request for Hearing, supported by a sixteen (16)-page memorandum of law, five (5) exhibits, and a proposed Order, in Case No. 3:20-cv-00115-CDL [Dkt. 47];

- Defendants' (Joint) Motion to Seal Confidential Portions of Settlement Agreement, supported by a five (5)-page memorandum of law, two (2) exhibits, and a proposed Order, in both cases [Dkt. 53/48];

---

[2] On April 18, 2022, Plaintiffs filed a Stipulation of Dismissal with Prejudice in both Case No. 3:20-cv-00139-CDL and Case No. 3:20-cv-00115-CDL. Dkt. 125/87. Consistent with *Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375 (1994), and *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012), the effectiveness of each stipulation is "conditioned on the Court entering [an] Order expressly retaining jurisdiction to enforce the terms of the parties' settlement agreement and to determine the amount of reasonable expenses, costs and attorneys' fees Defendants are awarded for having to pursue and litigate the motion to enforce settlement, which will be resolved following the parties' written submissions as set forth in the Court's March 22, 2022 Order[.]" *Id.*

8

- Defendants' (Joint) Motion to Exceed Page Limits, seeking leave of Court to file 13-page reply briefs in support of their respective Motions to Enforce in both cases [Dkt. 87/69];

- Defendants' 13-page (Joint) Reply in support of their Motions to Enforce, supported by one (1) additional exhibit, in both cases [Dkt. 95/71];

- Defendants' 13-page (Joint) Response to Plaintiffs' Statement of Material Undisputed Facts in Support of Their Brief in Opposition to Defendants' Motion to Enforce, Motion for Sanctions, and Motion to Seal, in both cases [Dkt. 96-2/72-2]; and

- Defendants' (Joint) Motion To Seal Their Response To Plaintiffs' Statement of Material Undisputed Facts in Support of their Brief in Opposition to Defendants' Motion to Enforce, Motion for Sanctions, and Motion to Seal, supported by a four (4)-page memorandum of law, and a proposed Order, in both cases [Dkt. 96/72].

## ARGUMENT

As the Court has already ruled, Defendants are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred while having to pursue and litigate the motions to enforce settlement. Defendants reasonably incurred Forty Thousand Three Hundred Twenty-Six Dollars and Fifty Cents ($40,326.50) in attorneys' fees, costs, and expenses in order to pursue and litigate the motions to enforce settlement.

**I.   The $40,326.50 In Attorneys' Fees, Costs, and Expenses That Defendants Seek Are Reasonable.**

As the Supreme Court has explained, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the [relevant work] multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This number is called the lodestar and 'there is a "strong presumption" that the lodestar is the reasonable sum the attorneys deserve.'" *Ela v. Destefano*, 869 F.3d 1198, 1203 (11th Cir. 2017) (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam)); *see also Daniels*

*v. Sodexo, Inc.*, No. 8:10-cv-00375-T-27AEP, 2013 WL 5798576, at *1-2 (M.D. Fla. Oct. 28, 2013) (applying these principles when awarding sanctions for defense counsel's attorneys' fees).

Furthermore, "[i]t is well established that an attorney may testify as to the reasonableness of his [or her] own fee." *Nichols v. Main Street Homes*, 244 Ga. App. 591, 593 (2000). To that end, "[w]hat [the attorney] charges clients is powerful, and perhaps the best, evidence of his [or her] market rate; that is most likely to be what he [or she] is paid 'as determined by supply and demand.'" *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citation omitted); *see also Lambert v. Fulton Cty.*, 151 F. Supp. 2d 1364, 1373 (N.D. Ga. 2000) (quoting *Dillard*, 213 F.3d at 1354-55); *accord Nat'l Ass'n of Concerned Veterans v. Sec'y of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) ("The best evidence would be the hourly rate customarily charged by the affiant himself [or herself] or by his [or her] law firm.").

As explained below, the time that LRG Defendants' counsel spent litigating the Motions to Enforce and drafting the necessary related filings was entirely reasonable given the multiple motions that were filed and associated pleadings and the numerosity of the arguments by Plaintiffs and their counsel that they were required to address. Further, the hourly rates that Defendants' counsel charged in the Lawsuits also is eminently reasonable given the market and the experience of the counsel and support staff that worked on the Motions to Enforce.

    **A.**    **The Total Hours That Defense Counsel Spent Litigating The Motions To Enforce The Parties' Settlement Agreement – Including Moving To Seal All Confidential Portions Of Their Settlement Agreement And Responding To Plaintiffs' 223 Pages Of Response Briefing And Exhibits – Is Reasonable.**

Under the circumstances set forth above, and as shown in the itemized redacted invoices submitted as Exhibit B to the McConnell Declaration, it was reasonable for defense counsel to

incur 161.5 hours of time on pursuing and litigating the motions to enforce their settlement.[3] Defense counsel necessarily spent time briefing two motions to enforce the September 1, 2021 Agreement, and defense counsel did so on an expedited basis once it became clear in late September that judicial intervention would be required to enforce the settlement. As set forth above, it was necessary to file two motions to enforce – one in the FLSA Lawsuit and one in the Title VII Lawsuit. The first motion pertained to the resolution of Plaintiffs' FLSA claims in the FLSA Lawsuit; involved only Defendants LRG, Clegg, and Zarnegar; required citations to the docket entries in Case No. 3:20-cv-00093-CDL; and required argument that the FLSA settlement passes muster under *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). The second motion pertained to the resolution of Plaintiffs' Title VII, FMLA, and Georgia state law tort claims, as well as all other claims subject to the general release in the Parties' General Settlement Agreement; involved not only LRG, Clegg, and Zarnegar, but also Defendant Walker; evaluated whether Plaintiffs McDearis, Bragan, and Bailey were subject to a general release; required citations to the separate docket entries in Case No. 3:20-cv-00115-CDL; and did not require any *Lynn's Food* analysis. Further, Defendants were required to file two motions to seal in the course of litigating the motions to enforce to keep confidential settlement terms and negotiations that the Parties had agreed were confidential. In summary, once the Motions to Enforce were fully briefed, Defendants had filed twelve separate pleadings.

Moreover, Defendants' time spent litigating the Motions to Enforce is entirely reasonable given the pleading tactics of Plaintiffs and their counsel. Indeed, in the February 10, 2022 Report

---

[3] Consistent with the February 10, 2022 R&R and the Court's March 22, 2022 Order, defense counsel has excluded from this figure any time spent litigating the underlying cases, as opposed to moving to enforce the Parties' settlement. *See also Hensley*, 461 U.S. at 434 (Counsel "should make a good faith effort to exclude from the fee request hours that are excessive, redundant, or otherwise unnecessary . . . .").

and Recommendation, as adopted on March 22, the Court found that Plaintiffs' counsel engaged in dilatory conduct, such that the attorneys' fees, costs, and expenses Defendants now seek are appropriately awarded as sanctions under 28 U.S.C. § 1927. R&R at 19; *see also* Dkt. 121/86 (Mar. 22, 2022 Order). Such conduct, by definition, "multiplie[d] the proceedings in [these] case[s] unreasonably and vexatiously." 28 U.S.C. § 1927. Plaintiffs' conduct (and that of their counsel) not only necessitated Defendants filing Motions to Enforce in the first place, but Plaintiffs and their counsel then compounded the issue by filing 223 pages of opposition motion papers and exhibits in each Lawsuit that contained at least seven discrete arguments and a six-page, twelve-paragraph SOMF (containing far more than twelve different factual assertions). In response, Defendants were required to address and rebut each of the discrete arguments in a thirteen-page reply brief and to submit a thirteen-page response to Plaintiffs' SOMF, with citations to the record, in the FLSA and Title VII Lawsuits. Thus, Plaintiffs cannot reasonably object now to the time it took Defendants, among other things, to review and respond to the 223 pages of response briefing and exhibits thereto, responding in detail to Plaintiffs' SOMF, and briefing motions to seal those responses to the Statement of Material Facts – when Plaintiffs' counsel themselves were the source of driving up the time and expenses through their behavior. *See Collar v. Abalux, Inc.*, 806 F. App'x 860, 863 (11th Cir. 2020) (28 U.S.C. § 1927 sanctions are intended to deter counsel from "wast[ing] judicial resources, multipl[ying] proceedings and conduct that causes unfair delays").

The reasonableness standard with respect to attorneys' fee awards is to be given a "liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). Further, Defendants have set out with exactitude the proof of the hours spent litigating the Motions to Enforce and why those hours were reasonably incurred. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1397 (11th Cir. 1996) ("[B]oth the proof of the hours spent in litigation and any

corresponding objections [by Plaintiffs must] be voiced with a similar exactitude."). As such, for the foregoing reasons, it was reasonable for Defendants to spend 161.5 hours pursuing and litigating their Motions to Enforce. *See also* **Exhibit 2**: Declaration of Spence Johnson ("Johnson Decl."), at ¶¶ 5-7, 11.

### B. The Hourly Rates Of Defense Counsel And Their Staff, Which Range From $95.00 to $320.00 Per Hour, Are Also Reasonable.

"A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). As such, when analyzing what constitutes a reasonable hourly rate, the Court should evaluate the attorneys' "knowledge of trial practice and knowledge of the substantive law." *Norman*, 836 F.2d at 1301.

"'The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case[s are] filed.'" *Barnes*, 168 F.3d at 437 (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)). Here, well-regarded counsel who is similarly experienced in employment litigation matters and familiar with the Athens Division of the Middle District of Georgia has attested that the rates of Defendants' counsel and their staff are well within the range within the relevant legal community, *i.e.*, the Athens, Georgia market and north Georgia generally. *See* Johnson Decl. at ¶¶ 6-9; *see also Landry v. Howell*, Case No. 5:14-167 (LAG), 2019 WL 11585407, at *2 (M.D. Ga. May 17, 2019) (finding reasonable attorney rates ranging from $225 to $450 per hour, and staff work ranging from $60 to $75 per hour); *Richardson v. McCarthy*, Case No. 3:13-cv-95 (CDL), 2016 WL 9088757, at *7-8 (M.D. Ga. Jan. 8, 2016) (Land, J.) (finding reasonable $325 hourly rate for experienced employment counsel); *Cooper v. Parker Promotions, Inc.*, Case No. 4:17-cv-00116-CDL, Dkt. 64

and 65 (M.D. Ga. 2019) (Land, J.) (approving $425 per hour for partners, $325 per hour for associates, and $125 to $165 per hour for paralegals, and collecting cases from Middle and Northern Districts of Georgia where such rates have been approved). Furthermore, Plaintiffs' counsel, who are based in Athens and Atlanta, charge an hourly rate range from $350 to $495 per hour for attorneys, and $145 to $235 for staff. *See* McConnell Decl. at ¶ 5 & Ex. A; Johnson Decl. at ¶ 10. The hourly rates charged by LRG Defendants' counsel, each of whom has extensive relevant experience, is eminently reasonable for this market. *See* Johnson Decl. at ¶¶ 6-10. The Court should, therefore, award LRG Defendants attorneys' fees, costs, and expenses at an hourly rate of $320 for Shareholders Whitney M. Ferrer, Kathryn S. McConnell, and Lee Schreter, and attorney Of Counsel Aaron I. Saltzman, $230 for Associates Alex Berg, Jacob S. Gibson, and Phil Lu, and $95 for Paralegal Vanessa Nebus and Research Librarians Carolyn Ford and Kathy Hampton.

## CONCLUSION

For the foregoing reasons, LRG Defendants respectfully request that the Court award LRG Defendants $40,326.50 in attorneys' fees, costs, and expenses incurred in litigating the Motions to Enforce and award such other relief as the Court deems just and proper. Pursuant to Local Rule 54.1, those attorneys' fees, costs, and expenses are itemized as follows:

| Timekeeper | Hours Worked | Hourly Rate | Fees |
|---|---:|---:|---:|
| Whitney M. Ferrer | 5.10 | $320.00 | $ 1,632.00 |
| Kathryn S. McConnell | 23.30 | $320.00 | $ 7,456.00 |
| Aaron I. Saltzman | 9.40 | $320.00 | $ 3,008.00 |
| Lee A. Schreter | 2.50 | $320.00 | $ 800.00 |
| Alex Berg | 75.60 | $230.00 | $17,388.00 |
| Jacob S. Gibson | 37.90 | $230.00 | $ 8,717.00 |
| Philip Lu | 4.40 | $230.00 | $ 1,012.00 |
| Carolyn Ford | 1.10 | $95.00 | $ 104.50 |
| Kathy Hampton | 1.00 | $95.00 | $ 95.00 |
| Vanessa Nebus | 1.20 | $95.00 | $ 114.00 |
| **Total** | 161.50 | | **$40,326.50** |

Dated: April 19, 2022 							Respectfully submitted,

*/s/ Kathryn S. McConnell*
Whitney M. Ferrer
Georgia Bar No. 501028
WFerrer@littler.com
Kathryn S. McConnell
Georgia Bar No. 265509
KMcConnell@littler.com
Aaron Saltzman
Georgia Bar No. 470763
ASaltzman@littler.com
Jacob S. Gibson (*pro hac vice*)
JSGibson@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326.1127
Telephone: 404.233.0330
Facsimile:  404.233.2361

Alex Berg (*pro hac vice*)
ABerg@littler.com
LITTLER MENDELSON, P.C.
1650 Tysons Blvd., Suite 700
Tysons Corner, VA 22102
Telephone: 703.286.3138
Facsimile:  703.552.0045

*Attorneys for Defendants*
*Last Resort Grill, Inc., Melissa Clegg,*
*and Jamshad Zarnegar*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2022, the foregoing **LRG DEFENDANTS' MOTION AND MEMORANDUM FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**, along with the accompanying exhibits and proposed Order in support thereof, was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including:

>Peter Steckel
>Peter@steckelworklaw.com
>STECKEL LAW, LLC
>54 S. Main St.
>Watkinsville, GA 30677
>
>James Larry Stine
>jls@wimlaw.com
>Elizabeth K. Dorminey
>ekd@wimlaw.com
>WIMBERLY LAWSON STECKEL SCHNEIDER AND STINE, P.C.
>3400 Peachtree Rd. NE
>Lenox Towers, Suite 400
>Atlanta, GA 30326
>
>*Attorneys for Plaintiffs*

>/s/ Kathryn S. McConnell
>Kathryn S. McConnell